UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BOWMAN<br>and MELISSA GIBSON,<br><br>           Plaintiffs,<br><br>           v.<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION, ACS HUMAN SERVICES,<br>LLC, PHOENIX DATA CORPORATION,<br>and ARBOR E&T, LLC,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 1:11-cv-00593-RLY-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY REGARDING PROTECTIVE ORDER DISPUTE**

    The parties have worked cooperatively to put a protective order in place to permit purportedly "confidential" documents to be so designated and possibly filed under seal. However, the parties dispute what deadline should be set for when an objection must be raised to a confidentiality designation. Defendants assert that Plaintiffs should raise any such objection within 90 days of production. Plaintiffs contend that the duty to object should not be triggered until the document is actually filed with the Court. On December 7, 2011, the Court held a telephonic status conference at which counsel was heard on this dispute. The Court now addresses this issue, and a few additional related items, as set forth below.

    Defendants understandably desire a firm and foreseeable deadline so that they can timely anticipate and address potential challenges to confidentiality designations. However, the Court adopts Plaintiffs' position for several reasons. Perhaps most significant, in *Containment Tech.*

*Group v. Am. Soc'y of Health Sys. Pharm.*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *4 (S.D. Ind. Oct. 10, 2008), this Court determined that the "better approach" is to require heightened attention to the confidentiality designation at the time the document is filed with the Court rather than at the time of production.

This conclusion rested upon the fact that counsel has a duty to exercise good faith in making such designations; that requiring counsel to scour massive electronic discovery production to examine confidentiality designations would add burdens and expense to the litigation; that counsel can confer and avoid many if not most problems with overbroad confidentiality designations; and that most documents designated as confidential when produced in discovery will never actually be filed with the Court. *Id.* Thus, Plaintiffs' position is supported by precedent from this Court.

In addition, as Plaintiffs pointed out, the Defendants bear the burden of establishing that their confidentiality determinations are justified. Were the Court to accept Defendants' proposal to require Plaintiffs to object to confidentiality designations within 90 days of production, the burden of ensuring confidentiality determinations are justified would essentially shift to the Plaintiffs (since in practice many defendants routinely over-designate documents as "confidential"). Counsel stated that discovery is anticipated to be extensive. Defendants' proposal would require Plaintiffs' counsel to review thousands of confidentiality designations, confer with opposing counsel, and raise objections within 90 days of production. No sound reason exists for placing this burden on the Plaintiffs. Moreover, Defendants' proposal provides that failure to timely object to a confidentiality provision operates as a waiver to thereafter object to this designation. So Defendants' proposal not only provides a short window for Plaintiffs to

raise objections, but also provides a potentially serious adverse consequence if Plaintiffs fail to meet this obligation.

For these reasons, the Court rejects Defendants' proposal, as outlined in paragraph 14 of the proposed protective order informally submitted to the Magistrate Judge prior to the December 7 conference, which would have required the Plaintiffs to object to confidentiality designations within 90 days after production. Instead, the Court adopts Plaintiffs' proposal, so the proposed protective order to be formally submitted for approval should provide that Plaintiffs need not address confidentiality designations until the document is filed with the Court.

This raises the question of exactly how Plaintiffs should challenge any such designation. This necessarily requires a review of the protective order. As proposed, the protective order would permit any party to file a document marked "confidential" under seal. To facilitate approval of the formal protective order that will soon be filed with the Court, the order should be revised to provide that no document may be filed under seal without a separate motion requesting leave to do so. If the Plaintiffs are filing a document marked "confidential," the motion will serve as Plaintiffs' opportunity to either agree that the document should be filed under seal or to state any objections Plaintiffs have to the confidentiality designation. If Defendants are filing a document marked "confidential," any objection Plaintiffs may want to raise should be included in response to the motion to seal. Failure to respond to the motion will indicate Plaintiffs do not contest the confidentiality designation.

Finally, the Court notes that the proposed protective order does not include language required by Seventh Circuit precedent that any person or other interested member of the public may challenge whether any document is entitled to be filed under seal. This language should be

included in the protective order submitted to the Court for approval.

Dated: 12/08/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Craig L. Briskin
MEHRI & SKALET, PLLC
cbriskin@findjustice.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Aaron D. Charfoos
KIRKLAND & ELLIS LLP
aaron.charfoos@kirkland.com

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com

Benjamin Conard Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Wendy Netter Epstein
KIRKLAND & ELLIS LLP
wendy.epstein@kirkland.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Andrew T. Glier
OFFICE OF THE ATTORNEY GENERAL
andrew.glier@atg.in.gov

Melanie E. Harris
ICE MILLER LLP
melanie.harris@icemiller.com

Thomas J. Henderson
HENDERSON LAW FIRM PLLC
tjh@hendersonfirm.net

Zachary D. Holmstead
KIRKLAND & ELLIS
zachary.holmstead@kirkland.com

Anna May Howard
SEVERNS & STINSON LAW FIRM
amh@severns.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

John F. Ittenbach
ITTENBACH JOHNSON TRETTIN & KOELLER
jfittenbach@IJTKlaw.com

Robert M. Kelso
KIGHTLINGER & GRAY
rkelso@k-glaw.com

Robert M. Koeller
ITTENBACH JOHNSON TRETTIN & KOELLER
rkoeller@ijtklaw.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

Steven D. McCormick
KIRLAND & ELLIS LLP
smccormick@kirkland.com

Martin L. Roth
KIRKLAND & ELLIS LLP
martin.roth@kirkland.com

Scott Richard Severns
SEVERNS & ASSOCIATES
sseverns@severns.com

Anne M. Sidrys
KIRKLAND & ELLIS LLP
anne.sidrys@kirkland.com

Steven A. Skalet
MEHRI & SKALET, PLLC
sskalet@findjustice.com

Diana M. Watral
KIRKLAND & ELLIS LLP
diana.watral@kirkland.com

L. Alan Whaley
ICE MILLER LLP
whaley@icemiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com