UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES BOWMAN, et al., )
      Plaintiffs, )
       )
   vs. ) 1:11-cv-593-RLY-TAB
       )
INTERNATIONAL BUSINESS MACHINES )
CORPORATION, et al., )
      Defendants. )

**SUPPLEMENTAL ORDER
ON MARCH 22, 2012, TELEPHONIC STATUS CONFERENCE**

The parties appeared by counsel on March 22, 2012, for a telephonic status conference. Argument was held regarding two discovery disputes. Following the hearing, the parties submitted five page briefs. [Docket Nos. 163, 166.] The Court now addresses these issues as set forth below.

The first issue is whether Plaintiffs should be compelled to provide certain class member information to Defendants.[1] Numerous cases have permitted discovery of such information. *See In re Bank of Am. Wage & Hour Emp't Practices Litig.*, 275 F.R.D. 534, 543 n.56 (D. Kan. 2011) (listing several cases affirming orders permitting disclosure of names and contact information for putative class members). Plaintiffs cite to *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999, 1005 (7th Cir. 1971), for the proposition that absent class members need not submit to discovery. [Docket No. 166 at 1.] Plaintiffs' citation, however, is

---

[1]Defendants request that Plaintiffs identify all potential class members by name, address, and telephone number. [Docket No. 163 at 1.] Defendants also request that Plaintiffs identify which class they are potential members of along with an explanation for the classification. [*Id.*]

1

incomplete. The full sentence of the text Plaintiffs quote reads "[w]hile absent class members should not be required to submit to discovery as a matter of course, if the trial judge determines that justice to all parties requires that absent parties furnish certain information, we believe that he has the power to authorize the use of the Rules 33 and 34 discovery procedures." *Brennan*, 450 F.2d at 1005. Thus, *Brennan* is not particularly helpful to Plaintiffs' position, nor is Plaintiffs' incomplete citation to the holding.

However, Defendants are not requesting that absent class members submit to discovery. *Cf. Brennan*, 450 F.2d at 1004 ("Movants contend that absent class members are not 'parties' to a suit and are consequently not subject to the 'party' discovery procedures provided by Rules 33 and 34, Fed. R. Civ. P."). Rather, Defendants are requesting that participating class members identify all potential members and their respective classes. [Docket No. 163 at 1.]

Plaintiffs also object to the request on attorney-client privilege and work product grounds. [Docket No. 166 at 1.] However, Plaintiffs fail to cite any authority or provide any explanation as to why either doctrine applies to class identifying information. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (failing to develop an argument results in waiver); *Dean Foods Co. v. Pleasant View Dairy Corp.*, No. 1:10-MC-189-PRC, 2011 WL 38994, at *2 (N.D. Ind. Jan. 5, 2011) (explaining that the nonproducing party has the burden of establishing privilege); *Morris v. Gen. Motors Corp.*, No. 2:07-MD-01867, 2010 WL 931883, at *5–6 (E.D. Mich. Mar. 11, 2010) (citing numerous cases stating that attorney-client privilege does not apply to putative class members). In any event, Plaintiffs assert that they "have produced all of the putative class member information in their possession, custody, or control." [Docket No. 166 at 1.] If Plaintiffs have produced all class information as they contend, then

they voluntarily waived any privilege that may have existed. *Powers v. Chi. Transit Auth.*, 890 F.2d 1355, 1359 (7th Cir. 1989) ("Any voluntary disclosure by the holder of the attorney-client privilege is inconsistent with the attorney-client confidential relationship and thus waives the privilege."). Accordingly, Defendants are entitled to the requested class member information.

Plaintiffs further claim that they have produced putative class member information in the form of "data extracts and other information." [Docket No. 166 at 1.] Defendants contend that the data "extracts are undecipherable and do not contain headers identifying what the entries in each column represent." [Docket No. 163 at 2.] Plaintiffs contend that they are not required to hire an IT expert to provide IBM with the information it seeks. [Docket No. 166 at 2.] Generally, a responding party bears the costs of complying with discovery requests unless the party demonstrates an "undue burden or expense." *Clean Harbors Envtl. Sevs. v. ESIS, Inc.*, No. 09-C-3789, 2011 WL 1897213, at *2 (N.D. Ill. May 17, 2011). Moreover, Federal Rule of Civil Procedure 34(b)(E) provides that:

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii) A party need not produce the same electronically stored information in more than one form.

Consistent with these principles, the Court orders Plaintiffs to produce the requested information in a reasonably usable form within 14 days.

The second issue questions the completeness of Plaintiffs' production of documents from the *Daugherty* litigation. Defendants claim that a March 6, 2012, deposition called the

3

completeness of Plaintiffs' *Daugherty* production into question when Plaintiffs' counsel used four unproduced *Daugherty* documents during a deposition. [Docket No. 163 at 4.] Plaintiffs respond by asserting that three of the documents contain the same information that is contained in other produced *Daugherty* documents although numbered differently, and the fourth document was a transmittal e-mail that they inadvertently failed to produce. [Docket No. 166 at 4–5.] Plaintiffs also assert that they never told Defendants that they "intended to use all documents obtained in *Daugherty*, because all of those documents are not relevant to this case." [*Id.* at 2–3.]

Plaintiffs' position is somewhat inconsistent. Plaintiffs claim that they did not produce *Daugherty* documents that were irrelevant, but then found some of the unproduced *Daugherty* documents relevant enough to use during a deposition. Plaintiffs' use of the documents during a deposition undercuts their contention that the documents lack relevance, and supports Defendants' position that any additional documents that may have been withheld must also be produced.

Nonetheless, considering the substance of the information in the unproduced documents and the totality of the *Daugherty* documents produced, Defendants have not been prejudiced. In fact, Defendants fail to explain how these documents are so significant to this case that nonproduction is prejudicial. Additionally, the record does not plainly demonstrate that Plaintiffs acted willfully or in bad faith, the number of documents withheld appears to be minimal, Plaintiffs believed the documents were already in Defendants' possession [Docket No. 166 at 5], and the importance of the documents is questionable. Therefore, sanctions are inappropriate.

However, if Plaintiffs have not already produced these documents, they shall do so within 14 days. The Court further notes that Defendants were permitted until April 9, 2012, to conduct certain discovery regarding class members and their claims. [Docket No. 147 at 3.] That deadline has passed and if Defendants need additional time to conduct discovery, they may make a prompt motion requesting such relief.

Dated: 04/26/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

G. Douglas Abrams
ITTENBACH JOHNSON TRETTIN & KOELLER
abrams@ijtklaw.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Craig L. Briskin
MEHRI & SKALET, PLLC
cbriskin@findjustice.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Aaron D. Charfoos
KIRKLAND & ELLIS LLP
aaron.charfoos@kirkland.com

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com

Benjamin C. Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Wendy Netter Epstein
KIRKLAND & ELLIS LLP
wendy.epstein@kirkland.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Melanie E. Harris
ICE MILLER LLP
melanie.harris@icemiller.com

Thomas J. Henderson
HENDERSON LAW FIRM PLLC
tjh@hendersonfirm.net

Zachary D. Holmstead
KIRKLAND & ELLIS
zachary.holmstead@kirkland.com

Anna May Howard
SEVERNS & STINSON LAW FIRM
amh@severns.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

John F. Ittenbach
ITTENBACH JOHNSON TRETTIN & KOELLER
jfittenbach@IJTKlaw.com

Robert M. Kelso
KIGHTLINGER & GRAY
rkelso@k-glaw.com

Robert M. Koeller
ITTENBACH JOHNSON TRETTIN & KOELLER
rkoeller@ijtklaw.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

Steven D. McCormick
KIRLAND & ELLIS LLP
smccormick@kirkland.com

Judith S. Okenfuss
ICE MILLER LLP
judy.okenfuss@icemiller.com

Martin L. Roth
KIRKLAND & ELLIS LLP
martin.roth@kirkland.com

Scott Richard Severns
SEVERNS & ASSOCIATES
sseverns@severns.com

Anne M. Sidrys
KIRKLAND & ELLIS LLP
anne.sidrys@kirkland.com

Steven A. Skalet
MEHRI & SKALET, PLLC
sskalet@findjustice.com

Diana M. Watral
KIRKLAND & ELLIS LLP
diana.watral@kirkland.com

L. Alan Whaley
ICE MILLER LLP
whaley@icemiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com