UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES BOWMAN, as next friend for J.B., and MELISSA GIBSON, as next friend for COURTNEY ANDERSON, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| | ) | 1:11-cv-0593 RLY-TAB |
| *vs.* | ) | |
| | ) | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, ACS HUMAN SERVICES, LLC, PHOENIX DATA CORPORATION and ARBOR E&T, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT ARBOR E&T, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT**

Defendant, Arbor E&T, LLC ("Arbor"), moves to dismiss the state law breach of

contract claim brought by Plaintiffs, James Bowman as next friend of Jameel Bowman,

and Melissa Gibson as next friend for Courtney Anderson (collectively, "Plaintiffs"),

under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") for failure to state a claim

upon which relief can be granted.  For the reasons set forth below, Arbor's Motion is

**GRANTED**.

**I.      Background**

The Family and Social Services Administration ("FSSA") of the State of Indiana

1

administers the State's Medicaid program.  (Complaint ¶ 4).  In December 2006,

International Business Machines Corporation ("IBM") entered into a Master Services

Agreement (the "MSA") with the FSSA and assumed the overall management of the

eligibility determination process.  (*Id.* ¶¶ 6-7).  IBM then delegated to other contractors,

including Arbor, most of the day-to-day responsibilities of working with beneficiaries to

determine their eligibility and process their appeals.  (*Id.* ¶¶ 7-8).

In March 2009, the State of Indiana (on behalf of the FSSA) notified IBM that its

performance in managing the functions critical to eligibility determinations through its

subcontractors was grossly deficient.  (*Id.* ¶ 16).  Accordingly, the State terminated the

MSA with IBM seven years before its expiration, and the parties have sued each other

over the legalities of the termination.  (*Id.*).  After the termination, the FSSA established

direct contracts with many of the former sub-contractors, including Arbor, which

continued carrying out their previously delegated functions.  (*Id.* ¶ 17).

Plaintiffs brought suit against IBM, Arbor, ACS Human Services, LLC, and

Phoenix Data Corporation (collectively, "Defendants"), claiming (i) Plaintiffs were

denied their due process rights as Medicaid beneficiaries, (ii) Defendants were negligent,

and (iii) Plaintiffs are intended beneficiaries of the contractual agreements between and

among Defendants and the FSSA.  (*Id.* ¶¶ 2, 3, 84(3)).  According to Plaintiffs, the harms

suffered by the deprivation of their Medicaid benefits are precisely the harms that

Defendants undertook to prevent under the contracts.  (*Id.* ¶ 84(3)).  Plaintiffs request

compensatory damages for the deprivation of their Medicaid benefits as a result of Defendants' violations.  (*Id.* at Prayer for Relief ¶ 3). [1]

On June 20, 2011, IBM filed a motion to dismiss Plaintiffs' claim for breach of contract.  (Docket # 41).  On February 21, 2012, the court granted IBM's motion to dismiss Plaintiffs' claims for breach of contract, finding Plaintiffs are not third-party beneficiaries to the MSA, and thus do not have the right to sue under the MSA for breach of contract.  *Bowman v. Int'l Bus. Machines Corp.,* 853 F. Supp. 2d 766, 771-72 (S.D. Ind. 2012).

On April 23, 2012, Arbor filed a Motion for Judgment on the Pleadings under Rule 12(c) as to Plaintiffs' claim for breach of contract.  Because Plaintiffs' federal claims give the court original federal question jurisdiction under 28 U.S.C. § 1331, the court has supplemental jurisdiction over Plaintiffs' state law breach of contract claim pursuant to 28 U.S.C. § 1367(a).

## II.    Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. FED. R. CIV. P. 12(c).  Motions for judgment on the pleadings are reviewed under the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL–CIO*, 335

---

[1] This is an abridged recitation of the relevant facts.  A more detailed summary is set forth in *Bowman v. Int'l Bus. Machines Corp.,* 853 F. Supp. 2d 766 (S.D. Ind. 2012).

F.3d 643, 647 (7th Cir. 2003).  "A motion for judgment on the pleadings will be granted

only when it appears beyond a reasonable doubt that the plaintiff cannot prove any facts

to support a claim for relief and the moving party demonstrates that there are no material

issues of fact to be resolved."  *Cuatle v. Torres*, No. 1:09-cv-0820, 2010 WL 2545627, at

*1 (S.D. Ind. 2010) (citations omitted).  The court will accept "all well-pleaded

allegations in the complaint as true and draw all reasonable inferences in favor of the

plaintiff."  *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citations

omitted).  In making this determination the court will consider "the complaint, the

answer, and any written instruments appropriately attached as exhibits, such as affidavits,

letters, contracts, and loan documentation."  *Wilson v. AT&T*, No. 1:09-cv-0058, 2010

WL 987737, at *1 (S.D. Ind. 2010).  Additionally, the court may also consider documents

incorporated by reference to the pleadings and take judicial notice of matters of public

record.  *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

## III.   Discussion

Arbor argues that Plaintiffs are neither parties nor third-party beneficiaries to the

Arbor/IBM subcontract ("Subcontract") or the Arbor/State of Indiana contract ("State

Contract" and, collectively, "Arbor Contracts").  On the other hand, Plaintiffs reassert

arguments made in Plaintiffs' response to IBM's motion to dismiss (Docket # 54) and

argue that the Arbor Contracts, when read as a whole, show that Arbor entered into the

agreement clearly intending to benefit the Plaintiffs as third-party beneficiaries.  It is

undisputed that Plaintiffs are neither parties to, nor in privity of, the Subcontract or State

Contract.  Thus, the court will only evaluate whether Arbor is an intended third-party

beneficiary to either of the Arbor Contracts in deciding this motion.

A third-party beneficiary is a non-party who may enforce a contract by

demonstrating that the parties intended to protect the third party via the imposition of a

duty in its favor.  *Deckard v. Gen. Motors Corp.,* 307 F.3d 556, 561 (7th Cir. 2002)

(citation omitted).  In particular, this relationship is formed when: (1) the parties to the

contract intend to benefit a third party; (2) the contract imposes a duty on one of the

parties in favor of the third party; and (3) the performance of the terms of the contract

directly benefits the third party.  *Id*. (citing *Kiltz v. Kiltz,* 708 N.E.2d 600, 602

(Ind.Ct.App. 1999)).  The controlling factor in this test is the intent to benefit the third

party.  *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind.Ct.App. 2001).  The court now

examines both contracts using this test.

The Subcontract includes the following clause:

> *No Third-Party Beneficiaries*.  Other than the indemnity rights under Article 17,
> (i) nothing contained in this Agreement is intended or shall be construed to confer
> upon any person or entity (other than the Parties hereto) any rights, benefits or
> remedies of any kind or character whatsoever, and (ii) no person or entity shall be
> deemed a third-party beneficiary under or by reason of this Agreement.

(Subcontract Agreement between Arbor and IBM, at § 21.6).[2]  And almost identically,

the State Contract includes the following clause:

---

[2] The court may consider the attached Arbor Contracts even though they were not included in the
pleadings.  When material outside the pleadings is ordinarily introduced in a Rule 12(c) motion,
the court generally must either convert the motion into a motion for summary judgment or
exclude such materials.  FED. R. CIV. P. 12(d).  However, an exception exists where "the
opposing party's pleadings refer to the extraneous matter and the matter is central to the

> *No Third-Party Beneficiaries*.  Nothing contained in this Agreement is intended or shall be construed to confer upon any person or entity (other than the Parties hereto) any rights, benefits, or remedies of any kind or character whatsoever, and no person or entity shall be deemed a third-party beneficiary under or by reason of this Agreement.

(Contract between Arbor and FSSA, at § 48).

This is the same language included in the MSA between IBM and FSSA and was the deciding factor in IBM's motion to dismiss.  In particular, this court concluded that this clause is "an unambiguous expression of the parties' intent not to create third-party beneficiaries to the MSA."  *Bowman*, 853 F. Supp. 2d at 771.  And further, the "'no third-party beneficiaries' clause of the MSA merely limits the enforcement of Medicaid recipients' right to the actual parties to the MSA."  *Id.* (citing *Indiana Gaming Comp., L.P. v. Blevins*, 724 N.E.2d 274, 279 (Ind.Ct.App. 2000)).  As a result, this court granted IBM's motion to dismiss finding that Plaintiffs did not have the right to sue under the MSA for breach of contract because they were not third-party beneficiaries.  *Bowman*, F.Supp.2d at 771-72.

Plaintiffs neither present new arguments nor cite new case law on this issue but instead incorporate the same arguments they presented in response to IBM's motion to dismiss.  Plaintiffs concede that the court rejected those arguments in granting IBM's

---

opposing party's claim or defense."  *Ward v. Independent Order of Foresters*, No. 1:04-cv-00676, 2006 WL 571874, at *3 (S.D. Ind. March 7, 2006); *see also Wright v. Assoc. Ins. Cos. Inc*., 29 F.3d 1244, 1248 (7th Cir. 1994) (finding court properly considered the contents of the entire Agreement in deciding motion to dismiss even though plaintiff did not attach a copy to his complaint where the Agreement was referred to in the pleadings and central to the claim).  Here, the Arbor Contracts are referred to in the pleadings and central to the breach of contract claim, so they will be considered in their entirety.

motion to dismiss (Docket # 146) and that no recent case law has changed their argument. (Pls.' Resp. 2).  By contrast, recent case law supports the court's rationale.  *See, e.g., Eiler Aviation Consultants, Inc. v. PDX VFR, LLC,* No. 2:11-cv-332, 2012 WL 3065568, at *3 (S.D. Ind. July 27, 2012) (holding contract "forecloses a finding that the parties intended [the contract] to be enforceable by a third party because it contains an express provision to the contrary"); *Veolia Water Indianapolis LLC v. National Trust Ins. Co.,* 973 N.E.2d 3, 21 (Ind.Ct.App. Aug. 3, 2012) (finding trial court erred by finding defendants were third-party beneficiaries of agreement despite explicit terms of the contract indicating that defendants were not third-party beneficiaries).  Thus, the same rationale applies to the identical and nearly-identical clauses in the Arbor Contracts. Accordingly, Plaintiffs are not third-party beneficiaries to the Arbor Contracts; therefore, they do not have the right to sue under the Arbor Contracts for breach of contract.

## IV.    Conclusion

For the reasons set forth above, Arbor's Motion for Judgment on the Pleadings as to Plaintiffs' Claim for Breach of Contract (Docket # 172) is **GRANTED.**


**SO ORDERED** this 23rd day of October 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record