UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BOWMAN, as next friend for J.B., and MELISSA GIBSON, as next friend for COURTNEY ANDERSON, on behalf of themselves and others similarly situated,<br>    Plaintiffs,<br><br>  vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, ACS HUMAN SERVICES, LLC, PHOENIX DATA CORPORATION and ARBOR E&T, LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) 1:11-cv-0593 RLY-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON DEFENDANT ACS HUMAN SERVICES, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT**

Defendant, ACS Human Services, LLC ("ACS"), moves for judgment on the pleadings for the state law breach of contract claim brought by Plaintiffs, James Bowman as next friend of Jameel Bowman, and Melissa Gibson as next friend for Courtney Anderson (collectively, "Plaintiffs"), under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). ACS also requests an award of costs and attorneys' fees. For the reasons set forth below, ACS's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

The Family and Social Services Administration ("FSSA") of the State of Indiana

administers the State's Medicaid program. (Complaint ¶ 4). In December 2006, International Business Machines Corporation ("IBM") entered into a Master Services Agreement (the "MSA") with the FSSA and assumed the overall management of the eligibility determination process. (*Id.* ¶¶ 6-7). IBM then delegated to other contractors, primarily ACS, most of the day-to-day responsibilities of working with beneficiaries to determine their eligibility and process their appeals. (*Id.* ¶¶ 7-8).

In March 2009, the State of Indiana (on behalf of the FSSA) notified IBM that its performance in managing the functions critical to eligibility determinations through its subcontractors was grossly deficient. (*Id.* ¶ 16). Accordingly, the State terminated the MSA with IBM seven years before its expiration, and the parties have sued each other over the legalities of the termination. (*Id.*). After the termination, the FSSA established direct contracts with many of the former sub-contractors, including ACS, which continued carrying out their previously delegated functions. (*Id.* ¶ 17).

Plaintiffs brought suit against IBM, ACS, Phoenix Data Corporation, and Arbor E&T, LLC (collectively, "Defendants"), claiming (i) Plaintiffs were denied their due process rights as Medicaid beneficiaries, (ii) Defendants were negligent, and (iii) Plaintiffs are intended beneficiaries of the contractual agreements between and among Defendants and the FSSA. (*Id.* ¶¶ 2, 3, 84(3)). According to Plaintiffs, the harms suffered by the deprivation of their Medicaid benefits are precisely the harms that Defendants undertook to prevent under the contracts. (*Id.* ¶ 84(3)). Plaintiffs request

compensatory damages for the deprivation of their Medicaid benefits as a result of Defendants' violations. (*Id.* at Prayer for Relief ¶ 3). [1]

On June 20, 2011, IBM filed a motion to dismiss Plaintiffs' claim for breach of contract. (Docket # 41). On February 21, 2012, the court granted IBM's motion to dismiss Plaintiffs' claim for breach of contract, finding Plaintiffs are not third-party beneficiaries to the MSA, and thus do not have the right to sue under the MSA for breach of contract. *Bowman v. Int'l Bus. Machines Corp.,* 853 F. Supp. 2d 766, 771-72 (S.D. Ind. 2012).

On March 23, 2012, ACS filed a Motion for Judgment on the Pleadings under Rule 12(c) as to Plaintiffs' claim for breach of contract. ACS also requested attorneys' fees and costs of the action. Because Plaintiffs' federal claims give the court original federal question jurisdiction under 28 U.S.C. § 1331, the court has supplemental jurisdiction over Plaintiffs' state law breach of contract claim pursuant to 28 U.S.C. § 1367(a).

## II.  Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are reviewed under the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *R.J. Corman Derailment*

---

[1] This is an abridged recitation of the relevant facts. A more detailed summary is set forth in *Bowman v. Int'l Bus. Machines Corp.,* 853 F. Supp. 2d 766 (S.D. Ind. 2012).

*Services, LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL–CIO*, 335 F.3d 643, 647 (7th Cir. 2003). "A motion for judgment on the pleadings will be granted only when it appears beyond a reasonable doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Cuatle v. Torres*, No. 1:09-cv-0820, 2010 WL 2545627, at *1 (S.D. Ind. 2010) (citations omitted). The court will accept "all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citations omitted). In making this determination, the court will consider "the complaint, the answer, and any written instruments appropriately attached as exhibits, such as affidavits, letters, contracts, and loan documentation." *Wilson v. AT&T*, No. 1:09-cv-0058, 2010 WL 987737, at *1 (S.D. Ind. 2010). Additionally, the court may also consider documents incorporated by reference to the pleadings and take judicial notice of matters of public record. *U.S. v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

## III. Discussion

ACS argues that Plaintiffs are neither parties nor third-party beneficiaries to the ACS/IBM subcontract ("Subcontract") or the ACS/State of Indiana contract ("State Contract" and, collectively, "ACS Contracts"). On the other hand, Plaintiffs reassert arguments made in Plaintiffs' response to IBM's motion to dismiss (Docket # 54) and argue that the ACS Contracts, when read as a whole, show that ACS entered into the

agreement clearly intending to benefit the Plaintiffs as third-party beneficiaries. It is undisputed that Plaintiffs are neither parties to, nor in privity of, the Subcontract or State Contract. Thus, the court will only evaluate whether ACS is an intended third-party beneficiary to either of the ACS Contracts in deciding this motion.

A third-party beneficiary is a non-party who may enforce a contract by demonstrating that the parties intended to protect the third party via the imposition of a duty in its favor. *Deckard v. Gen. Motors Corp.,* 307 F.3d 556, 561 (7th Cir. 2002) (citation omitted). In particular, this relationship is formed when: (1) the parties to the contract intend to benefit a third party; (2) the contract imposes a duty on one of the parties in favor of the third party; and (3) the performance of the terms of the contract directly benefits the third party. *Id*. (citing *Kiltz v. Kiltz,* 708 N.E.2d 600, 602 (Ind.Ct.App. 1999)). The controlling factor in this test is the intent to benefit the third party. *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind.Ct.App. 2001). The court now examines both contracts using this test.

### 1. Subcontract

The Subcontract includes the following clause:

*No Third-Party Beneficiaries*. Other than the indemnity rights under Article 17, (i) nothing contained in this Agreement is intended or shall be construed to confer upon any person or entity (other than the Parties hereto) any rights, benefits or remedies of any kind or character whatsoever, and (ii) no person or entity shall be deemed a third-party beneficiary under or by reason of this Agreement.

(Subcontract Agreement between ACS and IBM, at § 21.6).[2]

This is the same language included in the MSA between IBM and FSSA and was the deciding factor in IBM's motion to dismiss. In particular, this court concluded that this clause is "an unambiguous expression of the parties' intent not to create third-party beneficiaries to the MSA." *Bowman*, 853 F. Supp. 2d at 771. And further, the "'no third-party beneficiaries' clause of the MSA merely limits the enforcement of Medicaid recipients' right to the actual parties to the MSA." *Id.* (citing *Indiana Gaming Comp., L.P. v. Blevins*, 724 N.E.2d 274, 279 (Ind.Ct.App. 2000)). As a result, this court granted IBM's motion to dismiss finding that Plaintiffs did not have the right to sue under the MSA for breach of contract because they were not third-party beneficiaries. *Bowman*, F.Supp.2d at 771-72.

Plaintiffs neither present new arguments nor cite new case law on this issue but instead incorporate the same arguments they presented in response to IBM's motion to dismiss. Plaintiffs concede that the court rejected those arguments in granting IBM's motion to dismiss (Docket # 146) and that no recent case law has changed their argument.

---

[2] The court may consider the attached ACS Contracts even though they were not included in the pleadings. When material outside the pleadings is ordinarily introduced in a Rule 12(c) motion, the court generally must either convert the motion into a motion for summary judgment or exclude such materials. FED. R. CIV. P. 12(d). However, an exception exists where "the opposing party's pleadings refer to the extraneous matter and the matter is central to the opposing party's claim or defense." *Ward v. Independent Order of Foresters*, No. 1:04-cv-00676, 2006 WL 571874, at *3 (S.D. Ind. March 7, 2006); *see also Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994) (finding court properly considered the contents of the entire Agreement in deciding motion to dismiss even though plaintiff did not attach a copy to his complaint where the Agreement was referred to in the pleadings and central to the claim). Here, the ACS Contracts are referred to in the pleadings and central to the breach of contract claim, so they will be considered in their entirety.

(Pls.' Resp. 2).  By contrast, recent case law supports the court's rationale.  *See, e.g., Eiler Aviation Consultants, Inc. v. PDX VFR, LLC,* No. 2:11-cv-332, 2012 WL 3065568, at *3 (S.D. Ind. July 27, 2012) (holding contract "forecloses a finding that the parties intended [the contract] to be enforceable by a third party because it contains an express provision to the contrary"); *Veolia Water Indianapolis LLC v. National Trust Ins. Co.*, 973 N.E.2d 3, 21 (Ind.Ct.App. Aug. 3, 2012) (finding trial court erred by finding defendants were third-party beneficiaries of agreement despite explicit terms of the contract indicating that defendants were not third-party beneficiaries).  Thus, the same rationale applies to the identical clause in the Subcontract.  Accordingly, Plaintiffs are not third-party beneficiaries to the Subcontract; therefore, they do not have the right to sue under the Subcontract for breach of contract.

### 2.  State Contract

Similarly, the State Contract includes the following clause:

> Notwithstanding anything to the contrary in this Contract, (i) ACS and its Subcontractors, and its and their directors, officers, employees, agents, representatives, and affiliates *shall have no liability in contract, tort, or otherwise, for payments or other benefits to Clients pursuant to the Programs arising from or related to any final benefit eligibility determinations* . . . .

(Professional Services Contract between ACS and the State of Indiana, at § 21.2.4) (emphasis added).  This too limits ACS's liability to third parties under the State Contract.  Although this contract language differs from the "No Third-Party Beneficiary" clause in the MSA and the Subcontract, it essentially creates the same restriction on third-

party beneficiaries under the State Contract. That is, notwithstanding the contractual obligations ACS created with the State of Indiana, this clause prevents liability in contract against ACS for the services provided under the State Contract to "Clients," such as the Plaintiffs. In other words, this clause limits the enforcement of Medicaid recipients' rights to the actual parties to the State Contract. *See Bowman*, 853 F. Supp. 2d at 771.

Additionally, Plaintiffs do not argue that this clause should be treated any differently than the clauses set forth in the Subcontract and MSA but instead resort to the same arguments set forth concerning the "No Third-Party Beneficiaries" clause. Again, these arguments must fail as this State Contract language is another "unambiguous expression of the parties' intent not to create third-party beneficiaries[.]" *Id*. Accordingly, Plaintiffs are not third-party beneficiaries to the State Contract; therefore, they do not have the right to sue under the State Contract for breach of contract.

### 3. Attorneys' Fees

Finally, Defendant also requests that it be awarded costs and attorneys' fees, but it makes no argument in support of that request. Courts "follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.,* 532 U.S. 598, 602 (2001) (citation omitted). ACS does not point to any case law, statute, other legal authority, or general legal theory which demonstrates that an award of attorneys' fees

would be proper here.  Though the court may make a guess as to the legal basis for ACS's claim, it should not be forced to do so.  *See Brenston v. Hammond Hous. Auth.*, 2:03-cv-156, 2005 WL 2204865 (N.D. Ind. Sept. 9, 2005) (holding it is "not [the] court's responsibility to research the potential legal bases for [defendant's] request [for attorneys' fees and costs] and then link [defendant's] arguments to those bases") (citation omitted).  Accordingly, that request is denied.

## IV. Conclusion

For the reasons set forth above, ACS's Motion for Judgment on the Pleadings as to Plaintiffs' Claim for Breach of Contract (Docket # 158) is **GRANTED IN PART** and **DENIED IN PART.**  Plaintiffs' breach of contract claim is dismissed, but Plaintiffs are not required to pay costs or attorneys' fees.

**SO ORDERED** this 23rd day of October 2012.

```
                                            _____
                                            RICHARD L. YOUNG, CHIEF JUDGE
                                            United States District Court
                                            Southern District of Indiana
```

Distributed Electronically to Registered Counsel of Record