UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BOWMAN et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:11-cv-0593-RLY-TAB |
| vs. ) | |
| ) | |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORP. et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING MOTIONS TO SEAL**

**I.   Introduction**

The parties continue to request that briefs and exhibits be filed under seal despite countless efforts by the Seventh Circuit Court of Appeals and this Court to end this misguided practice.  *See Hicklin Eng'g v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."); *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (stressing that parties must offer legal justification for placing documents under seal); *Union Oil Co. of Cali. v. Leavell*, 220 F.3d 562 (7th Cir. 2000) ("Even disputes about claims of national security are litigated in the open."); *Meharg v. Astrazeneca Pharms.*, No. 1:08-cv-184-DFH-TAB, 2009 WL 2960761, at *1 (S.D. Ind. Sept. 14, 2009) (noting the practice of many counsel to over designate discovery responses as confidential and stressing that all such designations must be made in good faith); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *1 (S.D. Ind. Jan. 16, 2007) (noting defendants' motion to seal put the Court "in the all-too-familiar position of reviewing

1

overbroad and unsupported requests to file documents under seal."). Such are the circumstances in this case, which the Court addresses below.

**II.     Discussion**

   *A.     June 8, 2012, motion to seal*

Plaintiffs move to seal their motion for class certification and the attached exhibits. [Docket No. 204.] The Court took the motion under advisement and ordered Plaintiffs to file the "proposed redacted exhibits, by which time any interested person or party may supplement this motion to indicate any additional reasons why the exhibits should be sealed or permitted to be publicly filed in redacted form." [Docket No. 227.] Plaintiffs filed a proposal regarding the exhibits filed under seal. [Docket No. 238.] The Court addresses Plaintiffs' proposal below.

As a preliminary issue, Plaintiffs fail to address whether their memorandum in support of their motion for class certification [Docket No. 203] should be sealed and do not otherwise provide a legal justification for sealing the memorandum. Therefore, Plaintiffs shall file a proposed redacted version of the memorandum and show cause for the redactions within 7 days. Additionally, Plaintiffs propose that Exhibits 1, 19–27, 56, and 66 be unsealed because they are trial exhibits "from the parallel *State v. IBM* case with no instructions that it be maintained under seal," and these exhibits have already been made public. The Court agrees that these exhibits should be unsealed. The Clerk shall therefore unseal Exhibits 1, 19–27, 56, and 66, which appear in docket entries 203 and 205 through 213.

Plaintiffs asserted basis for sealing Exhibits 9, 11, 15, 16, 28, 29, 31, 32, 35, 36, 51, 54, 67, 68, 69, 70, and 71 is that these exhibits' "contents are subject to the parties' Protective Order." [*See* Docket No. 238.] Simply stating that documents are confidential or subject to a

protective order does not establish good cause for sealing documents. *Baxter*, 297 F.3d at 546–47; *Union Oil*, 220 F.3d at 567–68. "The party seeking to seal items has the burden of showing cause and must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *E.E.O.C. v. Abbott Labs.*, No. 10-C-0833, 2012 WL 2884882, at *1 (E.D. Wis. July 12, 2012) (citing *Baxter*, 297 F.3d at 548). Normally, the Court permits parties to supplement motions to seal to establish good cause when the documents appear to contain information that is truly confidential. However, the Court already permitted Plaintiffs a second bite at the apple [Docket No. 227], and their justification for sealing these documents still falls woefully short. Therefore, the Clerk shall unseal Exhibits 9, 11, 15, 16, 28, 29, 31, 32, 35, 36, 51, 54, 67, 68, 69, 70, and 71, which appear in docket entries 205 through 213.

      Plaintiffs propose a redacted version of Exhibit 18 be filed as part of the public record. Plaintiffs initially notified Defendants on July 6, 2012, that they would propose filing an unredacted version of Exhibit 18 for the public record. On July 13, 2012, IBM responded, "Exhibit 18 contains confidential business and deliberative-process information, including hand-written notes and notations, such as 'legal.' As such, it should be maintained under seal." Shortly thereafter, Plaintiffs proposed filing a version of Exhibit 18 with the hand-written notes redacted, and then circulated a proposed redacted version. The Court has reviewed the redacted version and finds the redactions appropriate. The Clerk shall unseal the redacted version of Exhibit 18. [Docket No. 239.] The unredacted version of Exhibit 18 may remain under seal.

      Plaintiffs also inadvertently labeled a December 1, 2008, letter as Exhibit 38; this exhibit was intended to be a December 2011 OV&V Report. Plaintiffs filed a corrected Exhibit 38

[Docket No. 233], and did not file it under seal.  Since the original Exhibit 38 [Docket No. 212-2] was inadvertently filed and is not relied upon by the parties at this stage, it may remain under seal.  Finally, Plaintiffs assert that Exhibit 45 does not contain a "confidential" designation and should be unsealed.  The Court agrees.  The Clerk shall unseal Exhibit 45.  [Docket No. 212-3.]

Accordingly, Plaintiffs' motion to seal [Docket No. 204] is granted in part and denied in part.  The Clerk shall unseal all documents and exhibits in docket entries 203, 205, 206, and 210 through 213, except Exhibit 18 [Docket No. 205-7] and Exhibit 38.  [Docket No. 212-2.]  The Clerk shall also unseal the redacted version of Exhibit 18.  [Docket No. 239.]

      B.      *June 11, 2012, motion to seal*

Plaintiffs move to seal [Docket No. 216] Exhibit 68 to Briskin's Declaration.  [Docket No. 210-4.]  The Court ordered Plaintiff "to file the proposed redacted exhibits, by which time any interested person or party may supplement this motion to indicate any additional reasons why the exhibits should be sealed or permitted to be publicly filed in redacted form."  [Docket No. 228.]  Plaintiffs filed a statement asserting that Exhibit 68 should be sealed because it is subject to a protective order.  As explained above, this is an insufficient basis for sealing a document.  Therefore, Plaintiffs' motion [Docket No. 216] is denied.  The Clerk shall unseal Exhibit 68.  [Docket No. 210-4.]

      C.      *June 15, 2012, motion to seal*

Plaintiffs' next motion [Docket No. 222] seeks to seal corrected Exhibit 26 to Briskin's declaration.  [Docket No. 221.]  However, Plaintiffs' supplemental statement asserts that this exhibit was a trial exhibit in the parallel *State v. IBM* case with no instructions that it be maintained under seal; the exhibit is already publicly available.  Accordingly, Plaintiffs' motion

[Docket No. 222] is denied.  The Clerk shall unseal corrected Exhibit 26.  [Docket No. 221.]

      D.      *June 20, 2012, motion to seal*

Plaintiffs also move to seal [Docket No. 226] corrected Exhibit 54 to Briskin's Declaration.  [Docket No. 225.]  The Court ordered Plaintiffs "to file the proposed redacted exhibit, by which time any interested person or party may supplement this motion to indicate any additional reasons why the exhibit should be sealed or permitted to be publicly filed in redacted form."  [Docket No. 231.]  Plaintiffs' supplemental statement states that this exhibit should be sealed because its contents are subject to the parties' protective order.  [Docket No. 238 at 6.]  As discussed, this is an insufficient basis to seal a document.  Therefore, Plaintiffs' motion [Docket No. 226] is denied.  The Clerk shall unseal corrected Exhibit 54.  [Docket No. 225.]

      E.      *July 6, 2012, motion to seal*

Plaintiffs further move to seal [Docket No. 235] corrected Exhibit 11 to Briskin's Declaration.  [Docket No. 234.]  The Court ordered Plaintiffs "to file the proposed redacted exhibit, by which time any interested person or party may supplement this motion to indicate any additional reasons why the exhibit should be sealed or permitted to be publicly filed in redacted form.  [Docket No. 237.]  Plaintiffs' supplemental statement also asserts that this exhibit should be sealed because its contents are subject to the parties' protective order.  [Docket No. 238 at 2.]  As discussed, this is an insufficient basis to seal a document.  Therefore, Plaintiffs' motion [Docket No. 235] is denied.  The Clerk shall unseal corrected Exhibit 11.  [Docket No. 234.]

      F.      *July 13, 2012, motion to seal*

Plaintiffs move to file a redacted version of Exhibit 18.  [Docket No. 239.]  As discussed above in conjunction with Plaintiffs' June 8, 2012, motion to seal, these redactions are

appropriate. Thus, Plaintiffs' motion [Docket No. 240] is granted. The Clerk shall unseal the redacted version of Exhibit 18. [Docket No. 239.]

### G. *August 17, 2012, motion to seal*

Defendants move to seal [Docket No. 254] their response to Plaintiffs' motion to certify class and the attached exhibits. [Docket No. 253.] The only asserted basis for sealing these documents is that they are subject to the protective order and "they quote, reference, and/or attach material designated 'Confidential.'" As discussed, this is an insufficient basis to seal a document. Therefore, Plaintiffs' motion [Docket No. 254] is denied. The Clerk shall unseal Defendants' response to Plaintiffs' motion to certify class and the attached exhibits. [Docket No. 253.]

### H. *Second August 17, 2012, motion to seal*

Defendants move to seal [Docket No. 249] their memorandum supporting the motion to exclude Dr. Richard Goldstein. [Docket No. 248.] The Court ordered Defendants to file redacted documents and to show good cause for their request to seal. [Docket Nos. 258, 269.] Defendants filed a supplemental statement withdrawing their "request to maintain any of the materials identified in Docket Entry 249 (Memorandum in Support of Motion to Exclude Dr. Richard Goldstein and exhibits), including any portion of the Memorandum itself, under seal." [Docket No. 260.] Therefore, Defendants' motion to seal [Docket No. 249] is denied. The Clerk shall unseal the memorandum. [Docket No. 248.]

### I. *September 18, 2012, motion to seal*

Plaintiffs move to seal [Docket No. 263] their response to Defendants' motion to exclude Dr. Richard Goldstein. [Docket No. 262.] The Court granted Plaintiffs' motion to the extent

that the response may remain under seal until Plaintiffs' show good cause for their request. [Docket No. 264 at 1–2.] Plaintiffs, however, filed a statement with the Court withdrawing their request to seal their response and attached Exhibits A-1, A-2, and B-1. [Docket No. 273 at 2.] Plaintiffs also attached a redacted copy of Exhibit B-2 that excludes bank account information and tax identification numbers. [*Id.*] These redactions are appropriate. Accordingly, the Clerk shall unseal Docket entries 262, 262-1, 262-2, and 262-3. Docket entry 262-4 shall remain under seal since a redacted version of Exhibit B-2 [Docket No. 273-1] was filed with the Court.

### III. Conclusion

Going forward, the parties should be mindful that merely designating a document as confidential or asserting that it is subject to a protective order is an insufficient basis for sealing a document. While secrecy is fine at the discovery stage, documents that become part of the judicial record are presumptively open to public scrutiny. *Baxter*, 297 F.3d at 545. Good cause for sealing a document requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 548. Moreover, requests to seal documents and other materials should not be overbroad and should be limited to redactions when possible.

As this order reflects, reviewing documents for confidentiality and sealing designations is a painstaking process. But it is a process that counsel and their clients—who seek to impose these designations—must undertake seriously, carefully, and with due respect for the well-established precedent in this area strictly limiting such designations. The record here reflects a disregard for this process. Counsel and clients who continue to disregard these standards run the

risk that the Court will deny sealing requests without permitting the movant any additional opportunity to show good cause.

Dated:   10/25/2012

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

8

Copies to:

G. Douglas Abrams
ITTENBACH JOHNSON TRETTIN & KOELLER
abrams@ijtklaw.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Craig L. Briskin
MEHRI & SKALET, PLLC
cbriskin@findjustice.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

Aaron D. Charfoos
KIRKLAND & ELLIS LLP
aaron.charfoos@kirkland.com

Adam  Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com

Benjamin C. Ellis
BETZ & BLEVINS
bellis@betzadvocates.com

Wendy Netter Epstein
KIRKLAND & ELLIS LLP
wendy.epstein@kirkland.com

9

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Melanie E. Harris
ICE MILLER LLP
melanie.harris@icemiller.com

Thomas J. Henderson
SANFORD WITTELS & HEISLER LLP
thenderson@swhlegal.com

Zachary D. Holmstead
KIRKLAND & ELLIS
zachary.holmstead@kirkland.com

Anna May Howard
SEVERNS & STINSON LAW FIRM
amh@severns.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

John F. Ittenbach
ITTENBACH JOHNSON TRETTIN & KOELLER
jfittenbach@IJTKlaw.com

Robert M. Kelso
KIGHTLINGER & GRAY
rkelso@k-glaw.com

Robert M. Koeller
ITTENBACH JOHNSON TRETTIN & KOELLER
rkoeller@ijtklaw.com

Laurie E. Martin
HOOVER HULL LLP
lmartin@hooverhull.com

Steven D. McCormick
KIRLAND & ELLIS LLP
smccormick@kirkland.com

Judith S. Okenfuss
ICE MILLER LLP
judy.okenfuss@icemiller.com

Martin L. Roth
KIRKLAND & ELLIS LLP
martin.roth@kirkland.com

Scott Richard Severns
SEVERNS & ASSOCIATES
sseverns@severns.com

Anne M. Sidrys
KIRKLAND & ELLIS LLP
anne.sidrys@kirkland.com

Steven A. Skalet
MEHRI & SKALET, PLLC
sskalet@findjustice.com

Diana M. Watral
KIRKLAND & ELLIS LLP
diana.watral@kirkland.com

L. Alan Whaley
ICE MILLER LLP
whaley@icemiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com