UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BOWMAN, as next of friend for ) <br> J.B., et al., ) <br>       Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> INTERNATIONAL BUSINESS ) <br> MACHINE CORPORATION, et al., ) <br>       Defendants. ) | 1:11-cv-0593-RLY-TAB |

**ENTRY ON PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER STRIKING REPLY REPORTS OF DR. RICHARD GOLDSTEIN AND DR. MELISSA THOMASSON**

On December 18, 2012, Magistrate Judge Baker granted Defendants' Motion to Strike the Reply Reports of Dr. Richard Goldstein and Dr. Melissa Thomasson. This matter is now before the court on Plaintiffs' Objections to Magistrate Judge's Order. For the reasons set forth below, the court **OVERRULES** Plaintiffs' objections.

**A. Background**

Plaintiffs are low-income beneficiaries of the Indiana Medicaid program who allegedly had their benefits unlawfully interrupted or terminated. (Compl. ¶ 1). On May 14, 2012, Plaintiffs served Defendants with expert reports from Dr. Goldstein and Dr. Thomasson in preparation for filing a class certification motion. Dr. Goldstein's report described using "relevant electronic databases," such as ICES, WFSM/FACTS, and the Hearings and Appeals system, to identify potential class members. (Goldstein Expert Report 1). Additionally, Dr. Thomasson's report discussed the ability to quantify economic damages resulting from a wrongful termination of Medicaid. (Thomasson

1

Expert Report 7). On June 8, 2012, Plaintiffs filed a class certification motion, relying principally on these expert reports to show class members could adequately be identified and damages could be calculated on a non-individualized basis.

On July 6, 2012, Defendants served Plaintiffs with expert reports from Dr. Addanki and Dr. Johnson. Dr. Addanki highlighted flaws in Dr. Goldstein's analysis, particularly that Dr. Goldstein's identification method "requires a detailed, subjective inquiry into the facts surrounding each individual situation," including the "interpretation of caseworker notes and appeal requests." (Addanki Expert Report 8-9). Moreover, Dr. Addanki criticized Dr. Thomasson's methodology, concluding that Dr. Thomasson's methodology "would award damages unrelated to actual injury" and finding that because of the variations among the proposed class, "there is no economically valid way to calculate class damages on a group basis." (*Id*. at 3, 17). Dr. Johnson also questioned Dr. Thomasson's opinion, stating Thomasson's report, among other things, improperly assumes that "any damages are directly proportional to the duration of the disruption [in Medicaid coverage]" and ignores that "some class members likely suffered no damages." (Johnson Expert Report 4, 18).

On August 17, 2012, with class expert discovery recently closed, Defendants filed their opposition to Plaintiffs' motion for class certification. The motion relied heavily on Dr. Addanki's and Dr. Johnson's opinions. Additionally, Defendants filed that same day *Daubert* motions to exclude Dr. Goldstein's and Dr. Thomasson's reports.

On September 18, 2012, Plaintiffs served "reply reports" from Dr. Goldstein and Dr. Thomasson as exhibits to support their responses to the *Daubert* motions. These

reports were served over 125 days after Plaintiffs served Dr. Goldstein's first report and over 70 days after Defendants served Dr. Addanki's and Dr. Johnson's reports. Dr. Goldstein stated that the second report responded to criticisms in Dr. Addanki's report, particularly whether his methodology required a detailed study of every case. (Goldstein Reply Report 1). Specifically, Dr. Goldstein asserted that "he will use better reporting software that has very strong matching" and his "current plan is to use software called Stata." (*Id*.). Similarly, Dr. Thomasson characterized her reply report as "respond[ing] to the arguments raised by Defendants' experts . . . ." (Thomasson Reply Report 1). In particular, Dr. Thomasson discussed how Dr. Addanki and Dr. Johnson "fail[ed] to recognize the intrinsic value of health insurance." (*Id*. at 4-5).

On October 5, 2012, Defendants filed a motion to strike the reply reports of Dr. Goldstein and Dr. Thomasson as both untimely under Rule 26(a)(2) and containing improper rebuttal. On December 18, 2012, Magistrate Judge Baker issued an Order granting Defendants' motion to strike. (Docket # 284). Plaintiffs filed objections to this Order, and the court now examines those objections.

### B. Standard of Review

Rule 72(a) sets forth:

> A party may serve and file objections to [an order on a nondispositive motion by a magistrate judge] within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a). The district court "reviews the magistrate's factual determinations under the 'clear error' standard, and the legal determinations under the 'contrary to law' standard." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:08-cv-00490, 2010 WL 3119487, at *2 (N.D. Ind. Aug. 5, 2010) (citing *Lafayette Life Ins. Co. v. City of Menasha,* 2010 WL 1138973, at *1 (N.D. Ind. Mar. 17, 2010)). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Similarly, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Herz v. Diocese of Fort Wayne—South Bend, Inc.*, No. 1:12-cv-122, 2012 WL 3870528, at *2 (N.D. Ind. Sept. 5, 2012) (citing *Mart v. Berkshire Hathaway, Inc.*, No. 3:10-cv-118, 2001 WL 92481, at *4 (N.D. Ind. Mar. 14, 2011)).

In reviewing the magistrate judge's decision, the court's review is limited as it is "not to ask whether the finding is the best or only conclusion permissible based on the evidence" nor should it "substitute its own conclusions for that of the magistrate judge." *Id.* at *1 (citing *Berman v. Congressional Towers Ltd. P'ship*, 325 F.Supp.2d 590, 592 (D.Mass. 2004)). Instead, the court must only "determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Id*. Indeed, "[i]f the case permits two permissible views, the magistrate judge's ruling shouldn't be overturned solely because the reviewing court would have chosen the other view." *Id*.

4

C. Discussion

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiffs claim the following rulings in the Magistrate Judge's Order are clearly erroneous or contrary to law: (1) the expert reports were untimely under Rule 26(a)(2)(D); (2) Plaintiffs' Rule 26 violation was neither justified nor harmless and thus complete exclusion of the reports was appropriate; and (3) the reply reports constituted improper rebuttal and should be stricken entirely.

1. Timeliness

Federal Rule of Civil Procedure 26(a)(2)(D) states in relevant part:

> *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> (i)  At least 90 days before the date set for trial or for the case to be ready for trial; or
> (ii) If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

The Magistrate Judge found that "Dr. Goldstein's and Dr. Thomasson's rebuttal reports – served over 70 days after Defendants served their expert reports – are untimely." *Bowman v. Int'l Bus. Mach. Corp.*, No. 1:11-cv-0593, 2012 WL 6596933, at * 3 (S.D. Ind. Dec. 18, 2012). The Magistrate Judge reasoned that "if the drafters of Rule 26(a)(2)(D) intended for the 30-day rule to only apply to impending trials there are numerous ways in which the drafters could have articulated such a limitation, including simply stating that rebuttal reports must be disclosed at least 60 days before trial." *Id*. at

5

*2. Moreover, the Magistrate Judge found that Seventh Circuit precedent and other district courts supported this view. *Id*. at *3.

Additionally, as a policy matter, the Magistrate Judge determined that "[w]ithout a default deadline for rebuttal reports, the parties could use rebuttal reports as tactical weapons that could unduly prejudice an opponent and interfere with a just, speedy, and inexpensive determination of the issues." *Id*. at *2 (citing FED. R. CIV. P. 26 Advisory Committee Note (1983)). Indeed, the Magistrate Judge referenced the possibility of a party waiting to serve a rebuttal report until after experts had been deposed and discovery had been closed, just as had been done here. *Id*.

The Magistrate Judge further determined that Plaintiffs' concerns about the schedule for filing expert reports and class certification briefs could have been alleviated by an agreement or stipulation as Rule 26 only comes into play absent such agreements. *Id*. at *3. Here, by contrast, the Case Management Plan expressly invokes Rule 26's disclosure framework in the context of class certification. *Id*. As a result, the Magistrate Judge concluded that Rule 26(a)(2) applies to motion practice and thus, Dr. Goldstein's and Dr. Thomasson's rebuttal reports were untimely. *Id*.

None of Plaintiffs' arguments persuade the court that the Magistrate Judge's Order was either clearly erroneous or contrary to law. Though Plaintiffs rely heavily on case law outside the Seventh Circuit, namely *Dixon v. Certainteed Corp.*, 168 F.R.D. 51 (D. Kan. 1996), case law within the Seventh Circuit does not support Plaintiffs' argument. In *Finley v. Marathon Oil Co*., the Seventh Circuit stated:

6

> The federal civil rules . . . require disclosure to one's opponent of expert testimony intended for use as rebuttal evidence within 30 days of the opponent's disclosure of *his* expert testimony, unless the district court otherwise directs or the parties otherwise stipulate. The Finleys missed the deadline by months, courting exclusion.

75 F.3d 1225, 1230 (7th Cir. 1996). Notably, the Court makes no mention of the 90-day trial deadline in connection with this 30-day requirement. *Id*.

In the same way, other courts in the Seventh Circuit have interpreted Rule 26. *See, e.g.*, *Smetzer v. Newton*, No. 1:10-cv-93, 2012 WL 2064507, at *1 (N.D. Ind. June 7, 2012) ("when neither the Court nor the parties set a deadline for rebuttal expert reports, Rule 26(a)(2)(D)(ii) applies, requiring a plaintiff to serve any rebuttal report no later than thirty days after the defendant's expert disclosures"); *McAtee v. Buca Restaurants, Inc.*, No. 1:10-cv-1090, 2011 WL 4861867, at *1 (S.D. Ind. Oct. 13, 2011) (stating in dicta that "[a]bsent a stipulation or a court order regarding the time at which a rebuttal expert must be disclosed, Rule 26(a)(2)(D)" requires such disclosures be made "within 30 days after the other party's disclosure"); *Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich,* 820 F. Supp. 2d 859, 869 (N.D. Ind. 2011) (finding opinions which were being offered to rebut expert report were untimely as they were offered over thirty days after party's disclosure). Accordingly, the court finds the Magistrate Judge's ruling as to the expert reports being deemed untimely was not clearly erroneous or contrary to law.

### 2. Substantially Justified or Harmless

Next, the Magistrate Judge evaluated whether Plaintiffs' violation of Rule 26 was substantially justified or harmless to determine whether the reports must be stricken. *See* FED. R. CIV. P. 37(c)(1) (stating a party who fails to comply with Rule 26(a) may not use

that information as evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless). The Magistrate Judge concluded that Plaintiffs' Rule 26 violation was neither justified nor harmless based on factors set forth in *Tribble v. Evansgelide*s. 670 F.3d 753, 760 (7th Cir. 2012) (listing the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date"). The Magistrate Judge rejected Plaintiffs' three principal arguments: (1) Plaintiffs' violations should be ignored due to strategically unfavorable scheduling deadlines; (2) any prejudice could simply be cured by filing a sur-reply or responding at oral argument; and (3) the absence of a trial date rendered the belated expert reports harmless.

Specifically, the Magistrate Judge noted that if Plaintiffs believed the scheduling deadlines were unfair, it should have requested relief from the court, not ignore deadlines. *Bowman*, 2012 WL 6596933, at *4. Next, the Magistrate Judge held that allowing a sur-reply would cause additional delay in the pending motion for class certification while creating significant costs. *Id*. And lastly, the Magistrate Judge concluded that "the absence of a trial date does not necessarily render the belated expert replies harmless." *Id*. The Magistrate Judge therefore found that Plaintiffs' Rule 26 violation was neither substantially justified nor harmless.

### a. Substantially Justified

The court finds Plaintiffs' arguments that their actions were substantially justified as equally unpersuasive. According to Plaintiffs, the timing of the expert reply reports

was substantially justified because case law, treatises, and an Advisory Committee Note "directly contradict[] the Order's reading of Rule 26(a)(2)." (Pls.' Mem. Law 19). But Plaintiffs' position ignores Seventh Circuit precedent and relies instead on district courts outside this Circuit. As a result, it was not contrary to law for the Magistrate Judge to find these sources did not justify Plaintiffs' position.

Next, Plaintiffs again reference the briefing schedule for class certification as justifying the delay. In particular, Plaintiffs' expert reply reports were submitted after Defendants filed their opposition to class certification. To that end, if the court were to find the reports untimely, Plaintiffs argue this would result in barring their experts from responding to Defendants' arguments. This argument has no merit as Plaintiffs agreed to the schedule in place. Rule 26(a)(2)(D) clearly states that parties may schedule around the 30-day rule, but the parties failed to set forth any dates here for rebuttal reports, and thus fell back on the timing of Rule 26(a)(2)(D)(ii). Consequently, the briefing schedule did not substantially justify Plaintiffs' delay in filing the reports as any objections to this should have been previously lodged with the court. Thus, the Magistrate Judge's ruling that Plaintiffs' delay was not substantially justified was not clearly erroneous.

### b. Harmless

Plaintiffs argue that the timing of the expert disclosures was harmless because, among other things: (1) Defendants are not prejudiced because they have enough time to respond to the reply reports since a hearing date for class certification has not been scheduled; (2) no delay results because the reports are limited to rebuttal and the experts

have already been deposed; and (3) any alleged harm can be easily cured by filing a motion to submit a surreply or sur-rebuttal report.

Plaintiffs cannot shirk their own responsibilities to follow the schedule set forth in the Case Management Plan simply because neither a hearing date nor a trial date has been set. *See Trinity Homes, LLC v. Ohio Cas. Ins. Co. Group*, 1:04-cv-01920, 2011 WL 2261297, at *5 (S.D. Ind. June 8, 2011) (finding "the court has the obligation and the right to enforce adherence to its case management plans to ensure the just, speedy, and inexpensive determination of the matters brought before it"). For example, in *Nelson v. Ipalco Enterprises, Inc.*, an expert report was deemed not a rebuttal report because it did not rebut the prior expert opinion but instead consisted of a full-blown opinion on a different issue. No. IP-02477, 2005 WL 1924332, at *8 (S.D. Ind. 2005). Even though the court acknowledged that ample time existed to take depositions and to develop further expert evidence, it held that "such disregard of the schedule and the orderly development of the case cannot be deemed harmless because it gave the plaintiffs the opportunity to wait for defendants to show their expert cards and because indulgence of plaintiffs' tactics would contribute to further delay, expense, and complication in an already long, expensive, and complicated lawsuit." *Id*. So too here, the lack of a hearing date does not render Plaintiffs' actions as harmless.

Next, though Plaintiffs argue that no delay will result since experts have already been deposed, these depositions did not cover the use of Stata, additional ICES filters, or the intrinsic value of insurance. Indeed, that is one of the reasons these reports are being opposed. As a result, these new opinions would likely lead to a request to reopen expert

discovery, which would lead to further delay and significant costs. Similarly, granting Defendants the right to file a surreply would lead to similar results, which could have been alleviated by simply altering the Case Management Plan. Accordingly, the Magistrate Judge's order was not clearly erroneous as to his finding that the delay in submission of the expert reply reports was not harmless.

### c. Exclusion

Finally, Plaintiffs argue that exclusion of the expert reports is a "drastic remedy," so it is not appropriate here. Plaintiffs misstate the law. As the Seventh Circuit noted, "The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley*, 75 F.3d at 1230. Indeed, "[t]here is nothing 'extreme' about the exclusion remedy of Rule 37(c)(1)." *Allgood v. Gen. Motors Corp.*, No. 1:02-cv-01077, 2007 WL 647496, at *6 (S.D. Ind. Feb. 2, 2007). Accordingly, the Magistrate Judge did not act contrary to law in choosing exclusion as a remedy as opposed to another less drastic remedy.

### 3. Improper Rebuttal

Although the court finds that the Magistrate Judge's Order should be upheld on the basis of the reply reports being untimely, as a matter of completeness it will also analyze the Magistrate Judge's alternative basis for excluding the expert reports -- improper rebuttal.

Specifically, the Magistrate Judge determined that "Dr. Goldstein's and Dr. Thomasson's reply reports improperly provide additional support and at times completely

change their methodology." *Bowman*, 2012 WL 6596933, at *5. In particular, Dr. Goldstein's reply report mentions for the first time that software called "Stata" will be used to identify class members while also changing the methodology used for identifying members through ICES. *Id*. at *6. Similarly, Dr. Thomasson's reply report adds new damages analyses involving the "intrinsic value of health insurance," which the Magistrate Judge found to be a "significant addition to her formula." *Id*. at *6-7. For those reasons, the Magistrate Judge found these reports contained new analyses and arguments and constituted improper rebuttal. *Id*. at *7. The Magistrate Judge further determined that Defendants were substantially prejudiced due to these experts never revealing their new analyses until after they were deposed and discovery was closed. *Id*. Accordingly, the reports were stricken in their entirety. *Id*.

      Plaintiffs now argue that: (1) proper rebuttal encompasses the response to any matter raised by the opposition report and may even encompass the use of a different methodology so long as it rebuts the same subject matter identified in those reports; (2) Dr. Goldstein's reference to the use of software called "Stata" is only for showing he is not limited to the software Indiana uses to analyze data and is not central to his methodology; (3) Dr. Goldstein's use of additional ICES "filters" merely responded to criticism raised by Defendants' opposition papers; and (4) Dr. Thomasson's methodology to compute damages did not change despite the discussion of the intrinsic value of insurance.

      First, Plaintiffs' interpretation that rebuttal reports merely have to rebut the same "subject matter" is far too broad. Indeed, "[t]he proper function of rebuttal evidence is to

12

contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Peals v. Terre Haute Police Dept.,* 535 F.3d 621, 630 (7th Cir. 2008) (citation omitted). But "if the testimony is offered only as additional support to an argument made in a party's case in chief, it cannot be considered rebuttal evidence." *McAtee*, 2011 WL 4861867, at *2. In other words, "a rebuttal report is one that contradicts or rebuts the arguments or opinions of the opposing party's experts, not one that contains entirely new analyses." *Welch v. Eli Lilly & Co.*, No. 1:06-cv-0641, 2009 WL 700199, at *5 (S.D. Ind. Mar. 16, 2009). Even more, the "plaintiff who knows the defendant means to contest an issue that is germane to the prima facie case (as distinct from any affirmative defense) must put in his evidence on the issue as part of his case in chief." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996).

Thus, Plaintiffs do not have free reign to produce a rebuttal report containing additional analyses on the basis that this is the same subject matter of the initial reports. A rebuttal report is not the time to change methodologies to account for noted deficiencies; instead, it is to respond to criticisms of such methodologies. Accordingly, Plaintiffs' argument that rebuttal reports must only concern the same subject matter is unpersuasive.

Plaintiffs remaining arguments focus on the alleged changes in methodologies and calculations contained in the reply reports. Though Plaintiffs cite cases that indeed involve more extensive changes in methodology than at issue here, that does not absolve Plaintiffs' experts from excluding purportedly important aspects of their methodology in the initial reports. Indeed, for Plaintiffs to argue that Stata is not a central feature of Dr.

13

Goldstein's methodology, but instead merely an alternative software program, is somewhat disingenuous. In fact, at the end of his reply report, Dr. Goldstein concludes, "My report on my work will show not only my results, but all the steps I went through, all code I use will be provided so that my work is both transparent and *replicable by anyone who has access to Stata*." (Goldstein Reply Report 3) (emphasis added). It begs the question why access to Stata is needed if it plays such a minor role in Dr. Goldstein's methodology. Because Dr. Goldstein's initial report did not discuss the use of this software program and now Stata appears to play an important, if not central, role in his methodology, it was not contrary to law to find that the report constituted improper rebuttal.

Likewise, it was not clear error for the Magistrate Judge to find that the additional ICES filters cited in the expert report should have been included in the initial report. The problems pointed out by Defendants were not novel or unexpected. Accordingly, it was not clear error for the Magistrate Judge to find that this also was improper rebuttal and thus strike the entire report.

Lastly, Plaintiffs' introduction of the "intrinsic value of health insurance" also constitutes improper rebuttal because Dr. Thomasson previously stated that the "measure of damages incurred by Medicaid enrollees would reflect the premium they would have had to pay for their coverage." (Thomasson Initial Report 12). At no point in Dr. Thomasson's initial report did she mention the "intrinsic value" of insurance in her damage calculations. Despite this omission, Plaintiffs argue that damage calculations have not changed by even a penny. But this fact actually favors the section's exclusion

as this alleged additional factor has no impact on the damages calculation. Thus, Plaintiffs should not be prejudiced by it being struck from the report. Accordingly, the Magistrate Judge did not commit clear error in finding that Dr. Thomasson's discussion of the intrinsic value of insurance constituted improper rebuttal and should be stricken.

The court does note, however, that the remainder of Dr. Thomasson's report did not constitute improper rebuttal as it solely responds to criticism by the Defendants' experts. As a result, the Magistrate Judge should have left the remaining parts that fairly respond to the opposing party's experts. *See Cage v. City of Chicago*, No. 09-C-3078, 2012 WL 5557410, at *2 (N.D. Ill. Nov. 14, 2012) ("If parts of an expert's testimony constitutes improper bolstering while other parts fairly respond to the conclusions of the opposing party's experts, the appropriate course is to limit the proposed rebuttal expert's testimony rather than striking it altogether"). The court finds it was clearly erroneous and contrary to law to strike the remainder of Dr. Thomasson's reply report even though it did not constitute improper rebuttal. Of course, as noted above, the court agrees with the Magistrate Judge that Dr. Thomasson's report should be stricken entirely as untimely under Rule 26, so this is a moot point, and the Magistrate Judge's ruling to strike the entire report should nevertheless be upheld.

### D. Conclusion

The Magistrate Judge's rulings do not leave the court with a definite and firm belief that a mistake has been made. The Magistrate Judge appropriately analyzed the law in the Seventh Circuit and arrived at a fair and logical resolution. For these reasons, the court finds that Magistrate Judge Baker's Order to Strike the two expert reply reports

submitted by Plaintiffs was not clearly erroneous or contrary to law.  Thus, Plaintiffs' Objections to Magistrate Judge Baker's Order (Docket # 289) striking the two expert reply reports are **OVERRULED**.  Accordingly, the stayed briefing on Plaintiffs' motion for class certification and Defendants' motions to exclude Dr. Goldstein's and Dr. Thomasson's opinions pending resolution of this motion (Docket # 288) is lifted and the reply briefs for both motions shall be filed within 14 days.

**SO ORDERED** this 2nd day of May 2013.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.